BULL, Respondent, v. EBY et al., Appellants.

No. 920; May 31, 1866.

**Accord and Satisfaction.**—Payment of a Part of a Sum due is not satisfaction of the whole, even though the payment is made and received in pursuance of an agreement that it should be so regarded, since such an agreement would be without consideration.

**Contract—Validity of Agreement to Take Part Payment.**—An agreement by a creditor with a debtor to accept payment of part of a debt in satisfaction of the whole is not the less invalid, as being without consideration, if the part, instead of being named in terms of money, is named as "property worth" that much money.

APPEAL from Second Judicial District, Tehama County.

Myrick & Earll for respondent; McCullough & Nagle for appellants.

SAWYER, J.—Action upon a promissory note and to foreclose a mortgage given to secure it. Upon trial of the issues relating to payment, and satisfaction, the defendant requested the court to give to the jury the following instruction, viz.:

"That if they believe from the evidence that Williams was acting as agent for Bull and as such agreed to take two thousand five hundred dollars for the indebtedness secured by the Bull note and mortgage, and the offer was accepted by Eby, and that thereupon Eby paid the sum of two thousand five hundred dollars in property, which was accepted by Williams in satisfaction or payment of the Bull note and mortgage, then you must find for the defendant."

The court refused and defendant excepted, and the refusal of this instruction is the only ruling complained of in appellant's brief. The amount due on the note was much larger than two thousand five hundred dollars. The solution of the legal problem presented depends upon the question as to whether the proposition presented by the instruction is, that the agreement to accept, and the acceptance of a less sum than the amount due, is a satisfaction of the larger sum; or that the agreement to accept certain specified amounts, notes of other parties and other property of a value less than the

amount due is a satisfaction. If the former is the legal proposition involved in the instruction, the court was right in refusing it; for it is well settled that a payment of a part of a sum due is not a satisfaction of the whole, notwithstanding the payment is made and received in pursuance of an agreement that it shall be in satisfaction of the entire demand. Such an agreement is without consideration and void: Deland v. Hiett, 27 Cal. 612, 87 Am. Dec. 102. But if the latter is the proposition, the instruction is correct and it should have been given; for an agreement to accept and the acceptance of property of any kind of less value than the amount due in satisfaction of the demand is a valid contract. The party agrees to do and does something that he was not bound to do before, and it is not for the court to take upon itself the duty of determining the advantages and disadvantages to the parties concerned of the new arrangement as compared with the old. There is a modification of the obligation of the parties, and this affords a good consideration, however small.

Now the proposition is, that Bull, through his agent, "agreed to take two thousand five hundred dollars for the indebtedness secured by the Bull note and mortgage, and the offer was accepted by Eby, and that thereupon Eby paid the sum of two thousand five hundred dollars in property," etc. This is an agreement to take so much money less than the amount due, and not specific property of less value, and a subsequent payment of that particular sum in property, and not the taking of specific property in satisfaction of the note itself. The payment of the sum of two thousand five hundred dollars in a particular way was the thing taken in satisfaction of the note and mortgage. Under the agreement hypothetically stated, the defendant might have paid the two thousand five hundred dollars in money, had he chosen so to do, and so Bull might have demanded the money. The defendant was not bound to pay in property, nor was Bull bound to receive it. The proposition involved, then, was not an accord and satisfaction, but an agreement to receive a less sum in money in satisfaction of a larger sum, and it makes no difference whether the smaller sum was paid in money or property. The amount to be paid is fixed.

The same defect exists in pleading the matter of defense. An accord and satisfaction by giving and receiving property

in satisfaction of the amount due is not properly set up in the answer. A payment rather is alleged. We think the instruction properly refused.

Judgment affirmed.

We concur: Sanderson, J.; Shafter, J.; Currey, J.; Rhodes, J.